# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | |
| | § | 5:09-CR-108 |
| AURELIO ZARATE-LOPEZ, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET-ASIDE OR CORRECT JUDGMENT AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the court is Defendant Aurelio Zarate-Lopez' motion to dismiss the indictment for lack of jurisdiction that the Court notified Zarate-Lopez would be recharacterized as one pursuant to 28 U.S.C. § 2255. Zarate-Lopez did not respond, but instead filed a notice of appeal that the Court construes to indicate his opposition to recharacterization.[1]

## I.  JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1]  Zarate-Lopez' notice of appeal refers to admiralty jurisdiction and claims that this Court committed criminal acts and that the Judge of this Court is a foreign agent. Because the pleading is nonsensical, this Court has chosen not to sanction Zarate-Lopez, but instead to construe the pleading as opposing recharacterization.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Zarate-Lopez was convicted after his guilty plea to transportation of an undocumented alien within the United States by means of a motor vehicle pursuant to a plea agreement with the government. D.E. 28. He was sentenced to 21 months imprisonment in August 2009, to be followed by 3 years supervised release. Id. He did not appeal.

Zarate-Lopez was subsequently arrested for violations of the terms of his supervised release and was sentenced to 8 months imprisonment to be followed by 16 months supervised release. Id.; D.E. 64. He did not appeal. Zarate-Lopez instead filed his present motion seeking to have his indictment dismissed. D.E. 66. The Court issued an Order recharacterizing the motion, but Zarate-Lopez filed a notice of appeal from this Court's Order recharacterizing the motion.[2]

## IV.  MOVANT'S CLAIMS

Zarate-Lopez styled his motion as a motion to dismiss the indictment for lack of exclusive legislative and subject matter jurisdiction. He claims the federal government infringed on Texas sovereignty and also seems to claim that the federal government only has jurisdiction over crimes that occur in federal enclaves and that the federal government must prove that the state ceded exclusive jurisdiction to the federal government.

---

[2]  Zarate-Lopez' notice of appeal is ineffective to invoke the jurisdiction of the Circuit court of appeals because he did not appeal from a final order. The Order of recharacterization is a procedural and interlocutory order that did not determine the merits of his claims.

# V.  ANALYSIS

## A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

## B.    Present Jurisdiction Over Zarate-Lopez' Motion

Zarate-Lopez filed a notice of appeal from this Court's Order recharacterizing his motion. Ordinarily, "[t]he filing of a timely and sufficient notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals. The district court is divested of jurisdiction to take any action with regard to the matter except in aid of appeal." United States v. Hitchmon, 602 F.2d 689, 692 (5th Cir. 1979) (en banc).[3] However, the filing of a defective notice of appeal or an appeal from an unappealable

---

[3]  The portion of the opinion relating to the government's ability to appeal the district court's grant of a new trial has been superseded by statute. See United States v. Martinez, 763 F.2d 1297, 1308 (5th Cir. 1985).

3

order does not divest the district court of jurisdiction. Id. at 694; accord United States v. Trevino, 299 Fed. App'x. 384, 385 (5th Cir., Nov. 12, 2008) (per curiam) (designated unpublished). Because Zarate-Lopez appealed an order that did not dispose of his motion and was not a final ruling, this Court has continued jurisdiction over his motion.

**C.      Claim the District Court Lacked Jurisdiction**

Federal courts are courts of limited jurisdiction. Zarate-Lopez must have statutory authority for the filing of his motion. He cited Rule 12(b)(1) of the Federal Rules of Civil Procedure, but those rules are not applicable to the underlying criminal proceedings. The scope of the Rules of Civil Procedure is limited to civil actions. Fed. R. Civ. P. 1; United States v. Walter, 426 Fed. App'x. 239, 240 (5th Cir., Mar. 15, 2011) (per curiam) (designated unpublished); United States v. Jaimes-Jurado, 254 Fed. App'x. 341, 342 (5th Cir., Nov. 13, 2007) (per curiam) (designated unpublished) (the "Federal Rules of Civil procedure do not apply to criminal cases.").

Section 2255 provides the statutory basis for this Court to consider Zarate-Lopez' attack on the jurisdiction of this Court during his original criminal proceedings. Despite Zarate-Lopez' objection, this Court must consider his motion to be one pursuant to § 2255, or the Court must dismiss the motion for lack of jurisdiction. See United States v. Bledsoe, 2013 WL 62122608 at *1 (5th Cir., Nov. 29, 2013) (per curiam) (designated unpublished).

Although "a challenge to the court's subject matter jurisdiction over a case may be raised at any time because it goes to the court's real power to hear the case," post-conviction

claims of lack of jurisdiction are "subject to the statutory limitations on § 2255 review." United States v. Scruggs, 691 F.3d 660, 666-67 (5th Cir. 2012).

The district courts of the United States have jurisdiction over persons charged with violation of federal law, even if the same conduct also violates state law. See 18 U.S.C. § 3231;[4] see also  United States v. Perea, 413 F.2d 65, 67 (10th Cir. 1969) (18 U.S.C. § 3231 lodges original jurisdiction of all offenses against the United States in the district courts. . . The indictment charges offenses against the United States in language similar to that of the statutes. Subject matter jurisdiction was vested in the district courts upon the filing of the indictment."); United States v. Brown, 164 F.3d 518, 521 (10th Cir. 1998) ("Subject matter jurisdiction initially vested in the district court upon the filing of the superseding indictment in this case."); United States v. Masat, 948 F.2d 923, 934 (5th Cir. 1992); United States v. Richardson, 2010 WL 4873669 at *1 (S.D. Tex., Nov. 23, 2010) (designated unpublished) ("The Court has subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231, giving the federal district courts subject matter jurisdiction over 'all offenses against the laws of the United States.'").

---

[4]  The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.
Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.
Id.

Although Zarate-Lopez also challenges "legislative jurisdiction," which the Court interprets to mean the power of Congress to make criminal law, he cites as authority 40 U.S.C. § 255.[5] That provision is now found at 40 U.S.C. § 3111 and relates to the approval of title to real property by the Attorney General before the United States acquires land. That provision does not limit Congressional authority to pass criminal laws.

Zarate-Lopez further relies on Article I, Section 8, clause 17 of the Constitution of the United States as support for his challenge to the jurisdiction of the district court. That clause states,

> To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;--And

Id.

Clause 17 refers to the District of Columbia and does not limit the power of the Congress to make criminal laws. Clause 18 of that same section, the necessary and proper clause, grants to Congress the authority to make all laws which shall be necessary and proper for carrying into execution all of the powers vested by the Constitution in the government of the United States. Additionally, clause 9 of Article I, § 8, authorizes Congress to establish the lower federal courts and to regulate the conduct of those courts. Willy v. Coastal Corp., 503 U.S. 131, 136 (1992). The Constitution of the United States grants to Congress the

---

[5]  Section 255 was enacted in 1930 and amended in 1970. Pub. L. 91-393, § 1, 84 Stat. 835.

authority to enact the laws off the United States and to create the federal lower court system to adjudicate claims that those laws were infringed. Zarate-Lopez' challenge to this Court's jurisdiction over him is unfounded.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Zarate-Lopez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that Zarate-Lopez cannot establish at least one of the Slack criteria. Accordingly, he is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the reasons set forth herein, Zarate-Lopez' claim that this Court did not have jurisdiction over his criminal conduct is DISMISSED, his construed motion to vacate, set aside or correct judgment pursuant to § 2255 (D.E. 66) is DISMISSED pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and he is DENIED a Certificate of Appealability.

ORDERED this 21st day of March, 2014.

_____
(HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

## III.  CONCLUSION

Ordered this ____ day of _____, 2014.

_____

HAYDEN W. HEAD, JR.

8

SENIOR U.S. DISTRICT JUDGE